IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LENORA MARCIL                                                                                    PLAINTIFF

         v.                          Civil No. 12-3101

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lenora Marcil, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff filed her application for DIB and SSI on August 20, 2009, and August 24, 2009, respectively, alleging an onset date of August 1, 2005, due to the residuals of a broken right shoulder, degenerative joint disease, obesity, and affective disorder. Tr. 111-120, 145, 178-179, 191, 198, 201. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 61-74. An administrative hearing was held on July 21, 2010. Tr. 135-36, 75. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 44 years old and possessed a limited education. Tr. 38. She did, however, complete certified nurse aide training in the early 1980's. Tr. 21.

Plaintiff had past relevant work ("PRW") experience as a fast food worker, home health aide, production assembler, and casting inspector. Tr. 21-27, 146, 168-175.

On October 1, 2010, the ALJ found Plaintiff's broken right shoulder, degenerative joint disease ("DJD"), obesity, and affective disorder were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 13-16. After partially discrediting plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work involving occasional bending, climbing, balancing, crawling, kneeling, stooping, crouching and overhead reaching. Further due to her mental impairment, the ALJ found Plaintiff could perform work where the interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote with few variables and little judgment required; and the supervision required is simple, direct, and concrete. Tr. 16-18. The ALJ then found Plaintiff could perform work as a small product assembler, small production machine operator, and small product inspector. Tr. 19.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 1, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 12.

The court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' appeal briefs and the ALJ's decision and are repeated here only to the extent necessary.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's failure to incorporate all of Plaintiff's limitations into the RFC assessment. RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. *See Harris v. Barnhart,* 356 F.3d 926, 929 (8th Cir.2004) ("The RFC is a function-by-function assessment of an individual's ability to do work-related activities based upon all of the relevant evidence"). A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR-96-8P.

In the present case, the evidence indicates that Plaintiff suffered from DJD in the right shoulder, resulting from a fall injury she sustained in 2004. Although she underwent surgery in September 2005 that resulted in some decrease in her pain and discomfort, the evidence indicates that she reinjured her shoulder in December 2006 and January 2008. Tr. 227, 237-238, 274-275,

277-278, 305-306, 308, 342-343, 345-349. She also injured her right elbow in December 2008, resulting in pain in her elbow as well. Tr. 269, 356. In September 2008, Orthopedist, Dr. Joseph Ricciardi noted a positively painful impingement test in her right shoulder with pain on resisted abduction at 45 degrees. Tr. 227-228, 247-248. He prescribed injection therapy for what he diagnosed as bursitis and DJD, and recommended she undergo a disability evaluation and not return to work. In July 2009, Dr. Harold Stensby prescribed Darvocet for her chronic shoulder pain. Tr. 365, 416. And, it appears her arm pain continued to be a problem through at least 2010 as she received prescriptions for both Darvocet and Vicodin. Tr. 410, 418-419.

On November 4, 2009, Dr. Ronald Crow, a non-examining, consultative physician, completed an RFC assessment.[1] Tr. 390-397. He determined Plaintiff would be limited with regard to reaching in all directions. The ALJ, however, concluded that Plaintiff was only restricted with regard to overhead reaching. And, he made no finding regarding her ability to reach in all directions. In fact, he failed to even address Dr. Crow's assessment. As such, we believe that remand is necessary to allow the ALJ to reevaluate Plaintiff's RFC, particularly her ability to reach in all directions. In so doing, the ALJ is directed to obtain RFC assessments from both Drs. Ricciardi and Dr. Stensby, Plaintiff's treating physicians, asking them to opine as to Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions, so that an informed decision can be made regarding her ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

---

[1] We note that this is the only RFC assessment contained in the file.

5

### V. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of August 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE